UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20294-CV-SCOLA/MCALILEY

CORPORACION AIC, S.A.,

       Petitioner,

v.

HIDROELECTRICA SANTA RITA, S.A.,

       Respondent.
_____/

## REPORT AND RECOMMENDATION ON SECOND AMENDED PETITION AND MOTION TO VACATE ARBITRATION AWARDS

Pending before the Court is Petitioner Corporación AIC, S.A.'s Second Amended Petition and Motion to Vacate Arbitration Awards, (ECF No. 31-1). The Motion has been fully briefed, (ECF Nos. 33 and 35), and Respondent filed a Notice of Supplemental Authority, (ECF No. 38). The Honorable Robert N. Scola, Jr. referred the Motion to me for a report and recommendation, (ECF No. 18).

After careful review of the parties' legal memoranda and the applicable law, I recommend that the Court deny the Motion.

**I.    FACTS**

This case arises from a contract for the construction and start-up of a hydroelectric power plant on the Icbolay River in Guatemala. (ECF No. 1-2 at ¶ 1).[1] On March 8, 2012,

---

[1] AIC initiated this action with its Petition and Motion to Vacate Arbitration Awards, which has multiple exhibits attached to it that are separately identified on the docket (ECF No. 1). Plaintiff moved to amend that Petition (ECF No. 31), with the Second Amended Petition which is attached as an exhibit to that motion. (ECF No. 31-1). This is now Plaintiff's operative pleading. The

1

Petitioner Corporación AIC, S.A. ("AIC") and Respondent Hidroelectrica Santa Rita, S.A. ("HSR") entered into an Engineering, Procurement and Construction Agreement, amended on January 8, 2013, and restated on February 20, 2013 (the "EPC Contract"). (ECF No. 1-2 at ¶ 3; *see also* EPC Contract, ECF No. 1-4). Pursuant to the EPC Contract, owner HSR engaged contractor AIC for the full turnkey, design, engineering, procurement, construction, start-up, and commissioning of the plant. (*Id.*). The EPC Contract required that any disputes between the parties that could not be resolved through negotiation would be resolved by arbitration. (ECF No. 1-4 at §32.3).

HSR issued limited notices to proceed under the EPC Contract to AIC on January 9, 2013 and February 20, 2013 and issued a full notice to proceed to AIC on July 4, 2013. (ECF No. 1-1 at ¶ 18). Based on these notices, HSR made advance payments to AIC of approximately $11,000,000. (*Id.*).

The powerplant project was not supported by the local community, and as the project advanced, local opposition increased. (ECF No. 1-2 at ¶5). On October 1, 2013, after members of the community blockaded access to the project and threatened those working on it, HSR issued a force majeure notice ordering AIC to suspend work under the EPC Contract. (*Id.* at ¶¶ 5-6). On March 16, 2015, HSR issued a notice of termination for

---

Second Amended Petition has numerous exhibits attached to it, although unlike the original Petition, the exhibits are not separately identified on the docket. The exhibits attached to the Second Amended Complaint that are relevant to this Report and Recommendation are also exhibits to the original Petition. For the sake of clarity, the Court cites to the exhibits docketed as attachments to the original Petition. Unless otherwise noted, the facts set out here are taken from the partial and final arbitration awards, which are exhibits to both the original and Second Amended Petition.

convenience of the EPC Contract. (*Id*. at ¶ 7).

The parties were unable to resolve several disputes that arose from the project's termination. (*Id*. at ¶ 8). On October 9, 2015, HSR submitted a request for Arbitration to the International Court of Arbitration seeking payment from AIC of advanced funds, certain damages, and attorney's fees and expenses. (ECF No. 1-1 at ¶ 22). AIC, in turn, sought a dismissal of HSR's claims and payment by HSR of damages, certain costs, reimbursement for amounts owed to its subcontractor, and attorney's fee and expenses. (*Id*. at ¶ 25).

The parties submitted briefs to the arbitral tribunal (the "Tribunal"), and on April 7, 2017, the Tribunal issued a Partial Award that addressed a jurisdictional issue regarding joinder of AIC's subcontractor. (*See* ECF No. 1-1). AIC and HSR then submitted briefs on the merits of their disputes, and from June 26 through June 30, 2017, and on November 8, 2017, the Tribunal conducted an evidentiary hearing in Miami. (ECF No. 1-2 at ¶¶ 31-38). The parties then submitted briefs on issues that arose during the hearing, as well as the allocation of fees and costs. (*Id*. at ¶¶ 40-41).

The Tribunal issued its Final Award on October 29, 2018. (*See* ECF No. 1-2). It held that, of the approximately $11,000,000.00 that AIC received as advance payments, AIC was entitled to keep $2,429,627.08 and €703,290.00 for work completed pursuant to the EPC Contract, and it ordered AIC to return to HSR $7,017,231.52 and €435,168.00, plus interest. (*Id*. at p. 85, ¶ 440).

AIC filed its Petition and Motion to Vacate Arbitration Awards in this Court on January 22, 2019. (ECF No. 1). In its original petition and motion, AIC addressed issues

that arose from the Partial and Final Awards and noted that HSR had sought a further ruling from the Tribunal which was pending at that time. (*Id.* at ¶¶ 2, 69-72). Specifically, HSR had asked the Tribunal to interpret its Final Award to require AIC to purchase new advance payment bonds. (*Id.* at ¶ 70). The Tribunal's "Decision and Addendum" regarding the advance payment bonds was received by the parties on March 29, 2019, after which AIC sought leave to file a Second Amended Petition and Motion that incorporated into it issues that arose from the Decision and Addendum. (ECF No. 31). The Court granted that motion (ECF No. 40).

## II. STANDARD OF REVIEW

"A federal court's review of an arbitration award is highly deferential and extremely limited." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015) (citations omitted); *see also Four Seasons Hotels & Resorts B.V. v. Consorcio Barr, S.A.*, 613 F. Supp. 2d 1362, 1366-67 (S.D. Fla. 2009) (district court's review of a foreign arbitration award is "quite circumscribed" and "[t]here is a general pro-enforcement bias manifested in the Convention"). Arbitration awards are "presumptively entitled to deference and enforcement." *Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*, No. 12-60654-CIV, 2013 WL 6388562, at *2 (S.D. Fla. Dec. 5, 2013); *see also Gianelli Money Purchase Plan & Tr. v. ADM Inv'r Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998) (stating that "the FAA presumes that arbitration awards will be confirmed").

"District courts hearing [a]rbitration appeals will not re-examine the merits or factual determinations of the underlying arbitration award." *Amerijet Int'l*, 2013 WL

4

6388562, at *2 (quoting *Great Am. Ins. Co. v. Moye*, 733 F. Supp. 2d 1298, 1301 (M.D. Fla. 2010)). "[A] panel's incorrect legal conclusion is not grounds for vacating or modifying the award." *White Springs Agric. Chems., Inc. v. Glawson Invs. Corp.*, 660 F.3d 1277, 1280 (11th Cir. 2011) (citations omitted). The Court's limited review is critical to "maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). "If parties could take 'full-bore legal and evidentiary appeals,' arbitration would become 'merely a prelude to a more cumbersome and time-consuming judicial review process.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568-69 (2013) (quoting *Hall Street*, 552 U.S. at 588).

### III. DISCUSSION

The parties agree that the Tribunal's awards fall under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or the "Convention").[2] (ECF No. 31-1 at ¶12; ECF No. 33 at 12). The United States acceded to the New York Convention in 1970. *Industrial Risk*, 141 F.3d at 1440. The statutory vehicle for enforcement of the New York Convention is Chapter 2 of the Federal Arbitration Act (the "FAA"). *Id*; 9 U.S.C. §§201-208. An award falls under Chapter 2 of the FAA if: (1) the award arises from a "commercial" relationship; (2) the award concerns a defined legal relationship, whether contractual or not; and (3) the award

---

[2] The New York Convention, although drafted under the auspices of the United Nations, is commonly referred to as the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440 (11th Cir. 1998).

arises out of the relationship, which is not entirely between the citizens of the United States. 9 U.S.C. § 202.

Chapter 2 of the FAA provides for confirmation of awards under the New York Convention, subject only to the limited grounds for refusal specified in Article V of the Convention. 9 U.S.C. § 207. There are only seven grounds upon which an arbitration award may be challenged. *Industrial Risk*, 141 F.3d at 1441.

AIC has not raised any of the seven grounds enumerated in Article V of the New York Convention. Instead, AIC argues that grounds for vacatur found in Section 10 of the FAA should be applied. (ECF No. 31-1 at ¶ 13).

### A. Section 10 of the FAA is Inapplicable

In its briefing, AIC invokes Section 10 of the FAA, which authorizes a court to vacate an arbitration award "where the arbitrators exceeded their powers. . .." 9 U.S.C. §10(a)(4). AIC argues that the Tribunal exceeded its powers by: (1) creating a new requirement for joinder of parties and refusing to allow AIC's subcontractor to be joined to the arbitration; (2) creating a new condition precedent to enforcing the anti-corruption provisions of the EPC Contract; (3) choosing not to follow Guatemalan law; (4) refusing to follow a provision of the EPC Contract regarding recovery of fees and costs; and (5) requiring AIC to post a second set of bonds. (ECF No. 31-1 at 6-7). AIC urges that if the Court determines that the Tribunal exceeded its powers, then it must vacate certain rulings in the Partial Award, Final Award, and Decision and Addendum (together, the "Arbitration Awards"). (ECF No. 31-1 at 1).

HSR counters that the authority set forth in Section 10 is inapplicable here, because this international arbitral award is subject to vacatur only if AIC can successfully assert one of the seven defenses enumerated in Article V of the New York Convention. (ECF No. 33 at 12-14). HSR is correct. The Eleventh Circuit held as much in *Industrial Risk*, 141 F.3d at 1446, and later reaffirmed that holding in *Inversiones y Procesadora Tropical Inprotsa, S.A.*, 921 F.3d 1291, 1301 (11th Cir. 2019). I review the governing law here.

In *Industrial Risk*, the Court determined that the New York Convention "and thus the provisions of Chapter 2 of the FAA[3], govern an arbitral award granted to a foreign corporation by an arbitral panel sitting in the United States and applying American ... law."[4] 141 F.3d at 1440. The Court rejected an effort to vacate an international arbitration award, that was governed by the New York Convention, on the ground that the award was arbitrary and capricious, because the New York Convention does not contain an "arbitrary and capricious" defense. *Id.* at 1442-43. The Court explicitly found that defenses to enforcement of an international arbitral award governed by the New York Convention are limited to the seven defenses enumerated therein. *Id.* at 1446. Since these seven defenses

---

[3]Chapter 2 of the FAA mandates enforcement of the New York Convention, whereas Section 10 is set forth in Chapter 1 of the FAA.

[4] In this case, the Tribunal applied Guatemalan law. (Final Award, ECF No. 1-2 at ¶ 21; *see also* EPC Contract, ECF No. 1-4 at § 32.3(g)). This does not change the analysis. The Eleventh Circuit went on in *Industrial Risk* to hold that awards which are non-domestic, and thus subject to Section 2 of the New York Convention, are those awards and agreements "which are . . . made within the legal framework of another country, e.g., pronounced in accordance with foreign law *or involving parties domiciled or having their principal place of business outside the enforcing jurisdiction.*" 141 F.3d at 1441 (emphasis in original), quoting *Bergesen v. Joseph Muller Corp.,*710 F.2d 928, 932 (2d Cir. 1983). In this case, the Arbitration Awards were both pronounced in accordance with foreign law and involved parties domiciled outside the United States.

do not include an arbitrary and capricious defense, the Court refused to recognize that as a defense to enforcement of the arbitration award. *Id*.

Later, the Supreme Court's decision in *BG Group PLC v. Republic of Argentina*, 572 U.S. 25 (2014), cast some doubt on the *Industrial Risk* holding. In *BG Group*, the winner of an international arbitration award sought to confirm the award under the New York Convention and the FAA. The loser sought to vacate the award, in part in reliance on Section 10 of the FAA, on the ground that the arbitrators lacked jurisdiction. The Court rejected the argument that the arbitrators "exceeded their powers" as proscribed by Section 10, when they found that they had jurisdiction, and the Supreme Court thus rejected this argument for vacatur of the award. *Id.* at 44. In other words, the Supreme Court addressed the Section 10 defense (and rejected it); the Court did not reject the defense out-of-hand as inapplicable.

AIC relies on a 2016 decision from the Northern District of Georgia in which the Court determined that because the arbitral award was entered in the United States, the Court had "primary jurisdiction," and could apply its domestic arbitral law, including the four statutory bases for vacatur of an arbitral award found in Section 10 of the FAA. (ECF No. 35 at 2-4, citing *Bamberger Rosenheim, Ltd. v. OA Dev., Inc.*, 2016 WL 9776588, *3-4 (N.D. Ga. Aug. 24, 2016), affirmed, 862 F.3d 1284 (11th Cir. 2017). The *Bamberger* Court relied on decisions from the Second and Fifth Circuit Courts of Appeals, presumably because of uncertainty regarding the law of this Circuit. The Eleventh Circuit has since clarified its position.

Specifically, in *Inversiones y Procesadora Tropical Inprotsa, S.A.*, the Eleventh Circuit expressly rejected the argument that *BG Group* overruled *Industrial Risk*. 921 F.3d at 1301-02. The *Inversiones* Court reasoned that "[a]t most, the Supreme Court's analysis [in *BG Group*] *indirectly* suggests that the [New York] Convention does not supply the exclusive grounds for vacating an international award. But that is not enough under our precedent to conclude *Industrial Risk* has been overruled." *Id.* at 1302 (emphasis in original) (citations omitted). The Eleventh Circuit affirmed dismissal of the petition to vacate the arbitral award before it because, in seeking vacatur on the ground that the arbitrators exceeded their powers under Section 10 of the FAA, the movant "did not assert a valid defense under the Convention." *Id*.

Returning to the argument before this Court, AIC's Section 10 defense must fail. The New York Convention does not provide that an award can be vacated if the arbitrators "exceeded their powers." The defense is therefore inapplicable to these Arbitration Awards. This Court is bound by the Eleventh Circuit's decisions in *Inversiones* and *Industrial Risk,* that a party can only invoke the defenses set forth in the New York Convention to vacate this international arbitration award. AIC cannot rely upon Section 10 of the FAA as a basis for vacatur.

AIC has not raised any valid defenses to enforcement of the foreign Arbitration Awards. Therefore, AIC's Second Amended Petition and Motion to Vacate the Arbitration Awards fails. In its Second Amended Petition and Motion, AIC seeks two evidentiary hearings: one to allow it to introduce documents into the record, and a second to provide

testimony from an expert on Guatemalan law. (ECF No. 31-1 at 26-27).[5] Because AIC has not raised any valid defenses to enforcement of the Arbitration Awards, neither additional documents nor expert testimony are relevant here. Accordingly, the Court hereby denies AIC's request for an evidentiary hearing.

## IV.     RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** that the Court **DENY** Corporación AIC, S.A.'s Second Amended Petition and Motion to Vacate Arbitration Awards, (ECF No. 31-1).

## V.     NOTICE OF RIGHT TO OBJECT

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Robert N. Scola, Jr., who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

---

[5] AIC thereafter filed a Motion for Leave to File Documents into the Record, seeking to introduce documents into the record without need for an evidentiary hearing. (ECF No. 34). The Court will deny that motion by separate order.

**RESPECTFULLY RECOMMENDED** in Miami, Florida this 16th day of April 2020.

                                                                                            _____
                                                                                            CHRIS MCALILEY
                                                                                            UNITED STATES MAGISTRATE JUDGE

Cc:    The Honorable Robert N. Scola, Jr.
         Counsel of Record