United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Corporacion AIC, S.A., Petitioner ) | |
| ) | |
| v. ) | Civil Action No. 19-20294-Civ-Scola |
| ) | |
| Hidroelectrica Santa Rita S.A., ) | |
| Respondent. ) | |

**Order Adopting Report and Recommendation to
Deny Motion to Vacate Arbitration Awards**

In this case, Petitioner Corporacion AIC, S.A. seeks to vacate a partial award and a final award which issued from international arbitration proceedings in Miami. (Pet. and Mot., ECF No. 31-1.) The Court referred this matter to United States Magistrate Judge Chris M. McAliley for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. (ECF No. 18.) Judge McAliley issued a report and recommendation, recommending that the Court deny AIC's second amended petition and motion to vacate arbitration awards. (Rep. & Rec., ECF No. 41.) AIC timely objected to the report, arguing Judge McAliley erred in concluding the Court lacks the authority to vacate the international arbitration awards under domestic arbitration law. (Objs., ECF No. 45-1.) Respondent Hidroelectrica Santa Rita S.A. ("HSR") responded to AIC's objections, countering Eleventh Circuit precedent prevents AIC from relying on any ground not enumerated in the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). (Resp., ECF No. 48.) The Court has reviewed—de novo—the entirety of Judge McAliley's report, the record, and the relevant legal authorities and **adopts** her recommendation and report in its entirety, thus **denying** AIC's amended petition and motion to vacate (**ECF No. 31-1**) and **dismissing** this case.

The underlying arbitration proceedings in this case were initiated in October 2015 by HSR. Both HSR and AIC are Guatemalan corporations. Their dispute arose out of a contract disagreement involving the construction of a hydroelectric power plant in Guatemala. Unhappy with the results of that arbitration, AIC seeks, in this Court, to have the awards issued by the tribunal vacated.

As Judge McAliley points out, the parties agree the awards here fall under the New York Convention. As such, the statutory vehicles for enforcement are, exclusively, the New York Convention and Chapter 2 of the Federal Arbitration

Act. Thus, "the only potential grounds for vacating the arbitration award are the seven defenses enumerated in the New York Convention." *Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, 16-24275-CIV, 2017 WL 1737648, at *2 (S.D. Fla. May 2, 2017) (Moreno, J.), *aff'd*, 921 F.3d 1291 (11th Cir. 2019). AIC does not dispute that it has failed to raise any of these seven defenses. Instead, AIC insists it may seek vacatur under section 10 of the FAA, which authorizes a court to vacate an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). AIC's position, however, as Judge McAliley explains, is contrary to binding Eleventh Circuit precedent. This precedent is unambiguous: "the only grounds to vacate a non-domestic arbitration award are set forth in Article V of the New York Convention." *Inversiones Y Procesadora Tropical Inprotsa, S.A. v. Del Monte Int'l GmbH*, 16-24275-CIV, 2016 WL 10568064, at *1 (S.D. Fla. Dec. 6, 2016) (Moreno, J.), *aff'd*, 921 F.3d 1291 (11th Cir. 2019); *Earth Sci. Tech, Inc. v. Impact UA, Inc.*, 809 F. App'x 600, 605 (11th Cir. 2020) ("[T]he defenses enumerated by the New York Convention provide the exclusive grounds for vacating an award subject to the Convention."); *see also Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 n. 8 (11th Cir. 1998) (listing the seven enumerated defenses under the New York Convention as the exclusive avenues to vacate an international arbitral award). Since AIC invokes only § 10(a)(4) as a defense to the awards, its motion to vacate fails.

Accordingly, the Court **overrules** AIC's objections (**ECF No. 45-1**), **adopts** Judge McAliley's report and recommendation (**ECF No. 41**), **denies** AIC's petition and motion to vacate (**ECF No. 31-1**), and, therefore, **dismisses** this case.

The Clerk is directed to **close** this case. All pending motions are **denied as moot.**

**Done and ordered** at Miami, Florida, on August 3, 2020.

_____
Robert N. Scola, Jr.
United States District Judge